IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 AUG 12 P 3: 39

CLERK_____
SO. DIST. OF GA.

MORRIS E. SMITH,

    Petitioner,

v.                               CIVIL ACTION NO.: CV213-053

CLAY TATEM,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Morris Smith ("Smith"), who is currently incarcerated at Telfair State Prison in Helena, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended. Respondent filed an Answer-Response, as amended. For the reasons which follow, Smith's petition should be **DENIED**.

## STATEMENT OF THE CASE

Smith was convicted, after a jury trial, in the Glynn County Superior Court of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Smith was sentenced to: 20 years' imprisonment on the aggravated assault count; five (5) years' imprisonment, consecutive, for possession of a firearm during the commission of a crime; and five (5) years' imprisonment, concurrent, for possession of a firearm by a convicted felon. (Doc. No. 19-1, p. 1). Smith's convictions and sentences were affirmed on direct appeal. Smith v. State, A10A0099 (Ga. Ct. App. Dec. 31, 2009).

Smith filed a petition for writ of habeas corpus in Chattooga County, Georgia, which was transferred to Richmond County, Georgia. In that petition, Smith raised the following grounds: 1) the 911 call of the victim was admitted into evidence, in violation of the Sixth Amendment; 2) a witness who was not on the witness list was permitted to testify; 3) the state was permitted to present evidence which was not disclosed to the defense; 4) the state was allowed to present evidence regarding a similar transaction and did not have to prove Smith was actually at the scene of the crime; 5) his trial counsel was ineffective because he did not object to the similar transaction evidence or hearsay and did not impeach a witness with her prior statements; 6) his appellate counsel was ineffective because he did not inform Smith of the Court of Appeals' decision in a timely manner, he failed to raise the proper issues on appeal, and did not raise a claim of ineffective assistance of trial counsel because trial counsel failed to impeach a witness; 7) prosecutorial misconduct because the prosecutor knowingly allowed a witness to testify falsely about the crime; and 8) the trial court erred in allowing the prosecution to introduce evidence regarding a burned mattress. (Doc. No. 20-1). After two (2) evidentiary hearings, Smith's petition was denied. (Doc. No. 20-5). Smith filed an application for certificate of probable cause to appeal, which was denied.

In this petition, Smith asserts that his trial counsel was ineffective because his counsel failed to object when the state presented evidence of a prior conviction at sentencing without prior notification. Smith also asserts that his trial counsel did not inform him that he would be charged as a recidivist and that he could not make an informed decision to enter a plea agreement as a result. Smith contends that the trial court judge abused his discretion by allowing the prosecution to present the 911 call

AO 72A
(Rev. 8/82)

and not allow his counsel cross-examination and by not allowing the proper amount of notification for the recidivist sentencing. Smith alleges that his appellate counsel was ineffective because he did not pursue his claims of ineffective assistance of trial counsel. Smith also alleges that the state habeas corpus judge violated his right to due process by stating she would compare two (2) dates, and she failed to do so. Smith also filed a second "Amended Grounds" pleading.[1] In this pleading, Smith contends that the trial court abused its discretion by: allowing the 911 call of the victim to be admitted as testimony even though the victim could not be cross-examined because he was deceased at the time of trial; allowing Kayatta King to testify even though she was not listed as a witness prior to trial; allowing "a prior difficulty into jury trial which was originally filed as a similar transaction. And when admitted the state failed courts (sic) mandated obligation to prove the guilt or even actual presence of accused at the crime while at trial[ ]", (Doc. No. 24, p. 1); and allowing the state to introduce evidence concerning a burned mattress, even though the court did not rule on the significance of this incident. Smith asserts that his trial counsel was ineffective because he did not object when the state presented evidence of his prior conviction during the sentencing phase without prior notification. Smith also asserts that his appellate counsel was ineffective for not raising an ineffective assistance of trial counsel claim based on the use of his prior conviction without notification and for not notifying him of the appellate court's decision in a timely manner. Finally, Smith asserts that the prosecutor engaged

---

[1] These grounds appear to be the majority of those the undersigned mistakenly identified as being raised in this petition. (Doc. No. 21). Even though the undersigned vacated his Order directing Respondent to file a full and complete response to all grounds raised in Smith's petition, (Doc. No. 23), the undersigned has considered Respondent's Amended Answer in his analysis of these amended grounds.

3

in misconduct because the state allowed Angela Rhett to testify falsely about her knowledge of the crime in question.

Respondent asserts that five (5) of the grounds Smith raises are new but procedurally defaulted under Georgia's successive petition rule. Respondent also asserts that three (3) of the grounds Smith raises are procedurally defaulted under Georgia law because Smith failed to raise these issues on appeal. Respondent also asserts that the remaining six (6) of the issues Smith raises do not present bases for relief in federal court.

## DISCUSSION AND CITATION TO AUTHORITY

### I. New, Procedurally Defaulted Claims

Respondent asserts that Smith failed to raise certain issues on appeal or in his state habeas corpus petition, and thus, these claims are barred by the successive petition rule. Respondent states that, while Smith brought ineffective assistance of trial counsel claims before, he did not raise the claims that his trial counsel was ineffective for failing to inform him of the state's notice of intent to seek recidivist sentencing and not object when the state presented evidence of his prior convictions at sentencing without prior notification. Respondent contends that Smith asked his appellate counsel about these issues during the state habeas evidentiary hearings, but he did not file an amendment to his petition so that these claims could be "properly raised" during the state proceedings. Respondent asserts that, while Smith raised the issue that his trial counsel was ineffective for failing to object to the recidivism sentencing, he did not raise this issue as a due process issue as he does here. Respondent also asserts that Smith did not raise as an issue that his appellate counsel was ineffective for failing to pursue a

claim that his trial counsel was ineffective for failing to object to the use of a prior conviction being used in aggravation of sentence without timely notice. Finally, Respondent contends that Smith's claim that his right to confrontation was violated because the 911 call was admitted without any knowledge as to who made the call is a variation of the claim he did raise on appeal (that the caller was deceased at the time of trial and could not be confronted at trial). Respondent contends that the basis of this claim in this petition is new.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c). When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277-79 (2005). "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351 (punctuation in original). The unexhausted claims should be treated as if procedurally defaulted. A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the

claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

The successive petition rule is found in O.C.G.A. § 9-14-51, which provides:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

This statute "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended [state] petition." Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (alteration in original).

Smith did not raise these exact issues in his state habeas corpus proceedings, though he had the opportunity to do so. Smith amended his petition twice, and he failed to raise these five (5) issues. (Doc. Nos. 20-2, 20-4). Even though Smith may have questioned his appellate counsel about these issues during the evidentiary hearings, the habeas corpus judge did not consider these issues as having been raised, which is indicated by their omission from her order. These issues would be barred by Georgia's successive petition rule and cannot be raised here.

II. **Procedurally Defaulted Claims**

As an alternative, Respondent contends that, to the extent Smith raised these issues during the state habeas proceedings, the state habeas court determined that

6

AO 72A
(Rev. 8/82)

these claims were procedurally defaulted because Smith failed to raise these issues at trial or on direct appeal. Respondent alleges that this Court should defer to the state habeas corpus court's determination in this regard. Respondent contends that Grounds 1(trial counsel was ineffective for not informing Smith of the state's notice of intent to seek recidivist sentencing), 3 (his right to due process was violated because he was sentenced as a recidivist without timely notice), 5 (trial counsel ineffective for not objecting to the state's presentation of prior convictions at sentencing), 10 (trial counsel ineffective for failing to object to evidence of prior conviction during the sentencing phase without prior notification), and 13 (prosecutorial misconduct because the state allowed Angela Rhett to testify falsely at trial) were arguably raised in the state habeas corpus court.

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The Supreme Court has "held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Id. The adequacy of the procedural bar is not a matter of state law, but "is itself a federal question." Id. (internal quotation marks omitted). A three-part test is used to determine "whether the state decision rested upon an independent and adequate ground under state law: First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying

on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law." Doorbal v. Dep't of Corr., 572 F.3d 1222, 1227 (11th Cir. 2009) (internal punctuation and citations omitted). "Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion [or be manifestly unfair]." Id. (alterations in original).

The state habeas corpus court determined that these grounds (or a version of these grounds) were procedurally defaulted and Smith did not establish cause and prejudice to overcome the procedural default. (Doc. No. 20-5, pp. 7—8). In so doing, the state habeas corpus court relied on O.C.G.A. § 9-14-48(d). That statute provides, in relevant part:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice.

O.C.G.A. § 9-14-48(d). This is an independent and adequate state law ground. The state habeas corpus judge clearly and expressly stated she was relying on O.C.G.A. § 9-14-48(d) in denying Smith relief on these grounds. In addition, this decision rests squarely on state law grounds. Moreover, Judge Sheryl Jolly's application of O.C.G.A. § 9-14-48(d) was not done arbitrarily or in an unprecedented fashion, as evidenced by her citation to Turbin v. Todd, 268 Ga. 820, 493 S.E.2d 900 (1997), and Black v. Hardin,

255 Ga. 239, 339 S.E.2d 754 (1985). Thus, Smith is not entitled to any relief based on these grounds.[2]

### III. Alleged Errors in State Habeas Corpus Proceeding

Respondent avers that an alleged error in state habeas corpus proceedings does not state a ground for federal habeas corpus relief. The undersigned agrees. Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) (noting that the Eleventh Circuit Court of Appeals "has repeatedly held defects in state collateral proceedings do not provide a basis for [section 2254] relief[,]" if such errors do not "undermine the validity of [a] petitioner's conviction" and are "unrelated to the cause of [a] petitioner's detention."); see also Quince v. Crosby, 360 F.3d 1259 (11th Cir. 2004) ( "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). Smith is not entitled to any relief on this ground.

### IV. Violations of State Law

Respondent contends that these three (3) enumerations of error do not present grounds for federal habeas relief: 1) the trial court allowed Kayatta King to testify even though she was not listed as a witness prior to trial; 2) the trial court allowed a "prior difficulty into a jury trial which was originally filed as a similar transaction. And when admitted the state failed courts (sic) mandated obligation to prove the guilt or even actual presence of accused at the crime while at trial[ ]", (Doc. No. 24, p. 1); and 3) the trial court allowed the state to enter into evidence an incident concerning a burned

---

[2] It is not clear whether Judge Jolly determined that all of these grounds were procedurally defaulted or whether she determined one of these grounds (Ground 3 in this petition) was barred under res judicata principles because the issue had been raised and resolved on appeal. Either way, Judge Jolly's decision as to this ground (ground 5 in his state habeas petition) rests on an independent and adequate state law ground, as noted. (Doc. No. 20-5, p. 8).

9

mattress when the court did not rule on the significance of the issue or how it was to be presented during trial. Respondent contends that, although Smith wishes to characterize these claims as being violations of his Fifth, Sixth, and Fourteenth Amendment rights, these enumerations of error are allegations of violations of state law, which do not raise grounds for relief in a federal habeas corpus petition.

Contrary to Respondent's contentions, the undersigned defers to the state habeas corpus judge's rulings that these grounds were barred in the state habeas corpus proceedings because these grounds were raised on direct appeal. The state habeas corpus court determined that these three (3) grounds were raised and resolved on direct appeal and were barred by res judicata principles. As discussed in greater detail in Section II of this Report, the state habeas court's determination is an independent and adequate state law ground. The state habeas corpus judge clearly and expressly stated she was relying on O.C.G.A. § 9-12-40 in denying Smith relief on these grounds. In addition, this decision rests squarely on state law grounds. Moreover, Judge Jolly's application of O.C.G.A. § 9-12-40 was not done arbitrarily or in an unprecedented fashion, as evidenced by her citation to, *inter alia*, Head v. Taylor, 273 Ga. 69, 538 S.E.2d 416 (2000), and Walker v. Penn, 271 Ga. 609, 523 S.E.2d 325 (1999). Thus, Smith is not entitled to any relief based on these grounds.

## V. Grounds Entitled to Deference

Respondent contends that Smith's assertion that his appellate counsel was ineffective for failing to raise certain ineffective assistance of trial counsel claims on appeal is not clear, as Smith does not allege what grounds appellate counsel should have raised. However, to the extent Smith attempts to raise an ineffective assistance of

appellate counsel claim based on appellate counsel's failure to raise ineffective assistance of trial counsel claims on appeal, he is not entitled to relief. Respondent contends that the claims of ineffective assistance of trial counsel claims which were raised were decided adversely to Smith and that those determinations are entitled to deference. Respondent also contends that the state habeas court's determination regarding Smith's contention that his appellate counsel did not timely notify him of the Court of Appeals' decision is entitled to deference. Additionally, Respondent asserts that the Georgia Court of Appeals' determination that Smith's assertion regarding the admission of the 911 call at trial was without merit is also entitled to deference.

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable

11

application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

### A. Ineffective Assistance of Counsel Claims

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant

12

decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693. "A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000)). Appellate counsel is not ineffective for failing to raise a meritless claim on appeal. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

In the state habeas corpus proceedings, Judge Jolly noted that Smith raised the following instances of ineffective assistance of appellate counsel for failure to assert claims of ineffective assistance of trial counsel on appeal, "to wit: failing to object to the imposition of the recidivist sentence and the impropriety of the State's Notice of Recidivism, failing to cross-examine a witness, generally failing to raise errors on direct appeal, and failing to timely notify Smith that his conviction had been affirmed." (Doc. No. 20-5, p. 12). The state habeas corpus judge noted that Smith's appellate counsel acted reasonably in determining which issues to raise on appeal and that appellate

AO 72A
(Rev. 8/82)

counsel timely notified Smith that his conviction had been affirmed. In addition, the state habeas corpus judge noted that trial counsel cross-examined the witness Smith claimed he had not cross-examined. Further, Judge Jolly found that appellate counsel timely notified Smith that his conviction had been affirmed.[3] The state habeas corpus judge found that "any competent attorney in the same situation would have exercised the same appellate strategy as [appellate] counsel in this case[.]" (Id. at pp. 13—14). In so doing, the state habeas corpus judge cited Strickland and Georgia case law interpreting this seminal case.

The state habeas corpus judge, in reaching her decision, recounted the testimony of both Smith's trial and appellate counsel during the evidentiary hearings she conducted and noted their court experience as well as their experiences with Smith. (Doc. No. 20-5, pp. 3—5). Applying Strickland to this testimony and the other evidence before her, the state habeas corpus judge's determination was not contrary to, or unreasonable application of, clearly established law. Smith is not entitled to relief on these grounds.

---

[3] The undersigned cannot determine whether the state habeas corpus judge's determination as to this notification issue was a reasonable determination based on the facts presented to that court. Smith's appellate counsel testified during the state habeas corpus proceedings that he had no independent recollection that he sent Smith notification of the Court of Appeals' decision, nor did he have a copy of any correspondence indicating that he did so. However, appellate counsel also testified that it was his custom to immediately notify his clients of any court decisions and that would have been a task he would have asked his secretary (who no longer worked for him) to do for him. (Doc. No. 20-8, pp. 37, 47—48). Even presuming the state habeas corpus judge's determination is not entitled to deference, Smith has not shown that he is entitled to relief on this enumeration of error. Smith has not shown that, but for appellate counsel's failure to notify him of the Court of Appeals' decision in a timely manner, the Court of Appeals would have granted a motion for reconsideration or that the Georgia Supreme Court would have granted him a writ of certiorari or that the outcome of his appeal would have been any different. Additionally, Smith testified that he did learn of the Court of Appeals' decision, perhaps as early as April 2010, (Id. at pp. 18—19), and he could have filed a motion to file an out-of-time post-appellate motion.

AO 72A
(Rev. 8/82)

## B.  Court of Appeals' Determination

Respondent avers that the Georgia Court of Appeals determined that the 911 call the trial court allowed into evidence, despite the fact that the caller was deceased at the time of trial, did not violate the Sixth Amendment right of confrontation.  Respondent contends that this determination was not an unreasonable determination of facts or application of law and is entitled to deference.

The Georgia Court of Appeals rejected Smith's contention that the trial court erred in admitting into evidence the recording of the 911 call, in violation of his Sixth Amendment right to confrontation and cross-examination.  The Georgia Court of Appeals stated that, during the 911 call, the caller (Collins) told the operator that he had been shot, he needed medical attention, and that Smith (his shooter) was still in the area—circumstances showing an ongoing emergency situation.  The Georgia Court of Appeals determined that, given the circumstances, the trial court did not err in ruling that the 911 call was nontestimonial in nature, that the admission of the recording did not violate Smith's Sixth Amendment rights, and that the recording was admissible as part of the *res gestae* of the crime.  In so doing, the appellate court relied on Davis v. Washington, 547 U.S. 813, 822 (2006). (Doc. No. 20-8, pp. 62—63).

In Davis, the Supreme Court stated that:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

547 U.S. at 822.  In light of the facts presented to the Georgia Court of Appeals regarding the admission of the 911 call, that court's determination that the 911 call was

not testimonial in nature and that the trial court did not err in admitting this into evidence was not contrary to or an unreasonable application of clearly established law. Accordingly, Smith is not entitled to relief on this ground.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Smith's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDATION**, this 12th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)