IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MORRIS E. SMITH,

        Petitioner,

v.                                  CIVIL ACTION NO.: CV213-053

CLAY TATEM,

        Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Morris Smith ("Smith") filed two (2) Objections. In his Objections, Smith contends that the Court should have decided the claims regarding the 911 call on the merits. Smith also contends that the Court should stay these proceedings while he exhausts claims in the state court.

Smith presents nothing indicating that the Magistrate Judge's analyses and conclusions of law are in error. Smith's claims of ineffective assistance of counsel and his claim regarding the admission of the 911 call during the trial of this case are, as the Magistrate Judge noted, entitled to deference because the state courts deciding these issues did not unreasonably determine the facts or apply the law presented. As for Smith's request for a stay and abeyance, such a request is denied.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c). When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277-79 (2005). "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351 (punctuation in original). The unexhausted claims should be treated as if procedurally defaulted. A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

The majority of Smith's claims raised in this petition, even if they were not exhausted, would be procedurally defaulted under Georgia law. (Doc. No. 25, pp. 4–10). Accordingly, granting a stay in these proceedings while Smith exhausted his claims in state court would be to engage in a "needless" game of "judicial ping-pong." Kelley, 377 F.3d at 1351.

AO 72A
(Rev. 8/82)

Smith's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Smith's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 15 day of November, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA